UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF ILLINOIS

MARVIN B. STRODE,                    )
                                     )
                Plaintiff,           )
                                     )
v.                                   )
                                     )        Case No. 14-cv-00851-SCW
EAST ST. LOUIS PARK DISTRICT         )
                Defendant.           )
                                     )

## MOTION FOR DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FILED ON BEHALF OF DEFENDANTS, EAST ST. LOUIS PARK DISTRICT

COMES NOW Defendants, by and through its counsel, Kaufhold and Associates P.C., pursuant to Local Rule 7.1, moves this Court for leave to file a reply to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgement.

Defendant requests this Court for leave due to exceptional circumstances. In Plaintiff's Response brief, Plaintiff makes numerous blatantly false assertions. See *Johnson v. Delgado*, 2012 U.S. Dist. LEXIS 175788 at *9 (S.D. Il, December 12, 2012) (Holding necessity to address false assertions in Response Brief as sufficient reasoning for filing reply). A Reply brief is also appropriate as many of the assertions were previously unalleged. See *Marion Healthcare, LLC v. S. Ill. Healthcare*, 2013 U.S. Dist. LEXIS 178964, at *2-3 (S.D. Il, December 20, 2013) (holding new factual assertions are sufficient circumstances to allow Reply Brief). In his response brief, Plaintiff submits two supporting affidavits with statements directly contradicted by evidence available to both parties. Neither affidavit was disclosed to Defendant prior to Plaintiff's submission of Response Brief preventing Defendant the opportunity to address the

assertions in its initial motion and memorandum in support. As such, a reply brief is appropriate to allow Defendant the opportunity to address such claims.

Defendant requests sanctions be levied against Plaintiff under F.R.C.P. Rule 11(c). Plaintiff makes factual contentions that are unsupported by the evidence in violation of F.R.C.P Rule 11(b). In order to create support, Plaintiff signed and submitted an affidavit with false assertions of fact. Plaintiff used the affidavit as support for claims made in his Memorandum in Opposition to Defendant's Motion for Summary Judgment. Plaintiff also submitted a supporting affidavit from witness Jeffrey Waters to support his claims with similar false assertions. Plaintiff had access to documents and audio recordings that directly disprove his assertions. Defendant requests the complaint be dismissed in its entirety and reasonable attorney's fees be levied.

Plaintiff, in his Response in Opposition to Defendant's Motion for Summary Judgment and Personal Declaration, makes the following assertions:

1. "Plaintiff knew how to manipulate transmission gears to drive it and, in fact, used it to patrol Defendant's parks between February and May of 2013." (Pl's Resp. to Def's Mot. Summ. J., p. 2, ¶ 1)

2. "I was able to use my department-issued police care [sic] to patrol the parks through May, manipulating the transmission to make it work." (Ex. 3, Pl's Resp. to Def's Mot. Summ. J., p. 2, cl. 9)

3. "In late March or early April of 2012 [sic], Irma Golliday informed me that Hubbard was appointed as Chief and I would be Deputy Chief as long as I returned before end of May and that I should assist Hubbard with administrative duties." (Ex. 3, Pl's Resp. to Def's Mot. Summ. J., p. 2, cl. 11)

4. "In late March or early April, Golliday informed Plaintiff that he would lose his medical insurance if he didn't return to work by the end of May so he asked his physicians to schedule a medical procedure more quickly so that he could go back to work." (Pl's Resp. to Def's Mot. Summ. J., p. 4, ¶ 6). Plaintiff cites to his affidavit though affidavit contains no such declaration.

5. "I never filed a claim for Social Security prior to my December 18, 2012 injury;" (Ex. 3, Pl's Resp. to Def's Mot. Summ. J., p. 2, cl. 18)

6. "Plaintiff reasonably believed that the locks had been recently changed when he alleged that in his Complaint" (Pl's Resp. to Def's Mot. Summ. J., p. 17, ¶ 2)

Plaintiff submits a supporting affidavit from witness Jeffrey Waters that states the following:

1. "Chief Hubbard had requested that Chief Strode gather all of the new identification cards from everyone present and make copies for his records." (Ex. 2, Pl's Resp. to Def's Mot. Summ. J., p. 2, cl. 4)

2. "During this part of the argument, someone to my right at the conference table made the statement, [']then you guys should file a complaint![']" (Ex. 2, Pl's Resp. to Def's Mot. Summ. J., p. 2, cl. 4)

3. "I had also seen Chief Strode Patrolling [sic] the parks in his department issued vehicle until the transmission went out of it. At first the problem was just slippage [sic], but Chief Strode knew the car and could make it work and could drive it." (Ex. 2, Pl's Resp. to Def's Mot. Summ. J., p. 3, cl. 5)

4. "On several occasions, I was asked to ride with [Chief Strode] to do some task." (Ex. 2, Pl's Resp. to Def's Mot. Summ. J., p. 3, cl. 5)

Defendant, respectfully, asks this Court the opportunity to address these assertions individually. Defendant further requests that this Court sanction Plaintiff for such assertions by dismissing the Complaint and provide Defendant reimbursement for reasonable attorney's fees expended in defense of such claims.

WHEREFORE, Defendants prays this Court grant leave for Defendant's Reply Brief to be entered herein and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

KAUFHOLD & ASSOCIATES, P.C.

By: /s/ Kevin C. Kaufhold
Kevin C. Kaufhold, IL# 6180295
KAUFHOLD & ASSOCIATES, P.C.
5111 West Main Street, Lower Level
P.O. Box 23409
Belleville, Illinois 62226
Telephone:  618-235-3580
Facsimile:   618-235-7150

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was Electronically Served upon the parties listed below on the _3rd_ day of _July_, 2015.

Thomas E. Kennedy, III
Sarah Jane Hunt
Lisa Langeneckert
Law Offices of Thomas E. Kennedy, III, L.C.
906 Olive St., Suite 200
St. Louis, MO 63101

/s/ Kevin C. Kaufhold